

# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 33274838**
**Date Processed: 02/09/2026**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | Mark Barrios vs. State Farm Fire And Casualty Company |
| **Matter Name/ID:** | Mark Barrios vs. State Farm Fire And Casualty Company (18587859) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | St. Tammany Parish District Court, LA |
| **Case/Reference No:** | 2026-10075 H |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 02/09/2026 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | Secretary Of State in Louisiana on 01/29/2026 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Gardiner Law Firm<br>504-265-9977 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT A

# State of Louisiana
## Secretary of State

01/30/2026

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

Suit No.: 202610075
22ND JUDICIAL DISTRICT COURT
SAINT TAMMANY PARISH

MARK BARRIOS ET AL
vs
STATE FARM FIRE AND CASUALTY COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

NANCY LANDRY
Secretary of State

Served on: NANCY LANDRY
Served by: B GARAFOLA

Date: 01/29/2026
Title: DEPUTY SHERIFF

No: 1376816



JN



| | |
|---|---|
| **MARK BARRIOS, ET AL** | **22nd Judicial District Court** |
| **VS 2026-10075 DIVISION H** | **Parish of St. Tammany** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **State of Louisiana** |

**TO THE DEFENDANT:** State Farm Fire and Casualty Company, through its agent for service of process; Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809

You are named as a defendant in the above captioned matter. Attached to this citation is a:

[X] Certified copy of Original Petition   [ ] Certified copy of Amended Petition   [ ] Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 22nd Judicial District Court located at 701 N. Columbia Street, Covington, Louisiana 70433 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
   If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

By order of the Honorable Judges of said Court this   5th day of January, 2026

Jessica Jenkins Brewster, Clerk of Court

BY: _____
Jessica Olivier, Deputy Clerk

SERVED
NANCY LANDRY

Issued: 01/13/2026

Counsel or Pro Se:
Grant P. Gardiner
Attorney at Law
3129 Bore St.
Metairie, LA 70001

JAN 29 2026
SECRETARY OF STATE
COMMERCIAL DIVISION

A TRUE COPY
DY CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

Received on _____, 2026, and on _____, 2026 I served a true copy Jessica Olivier, Deputy Clerk
the within _____,
on _____ in person,
at domicile with _____,
in _____ Parish, a distance of _____ miles from the Justice Center.

_____
Deputy Sheriff
Parish of _____

101 - Regular Citation Rev 2/22

**St. Tammany**
**Jessica Jenkins Brewster - Clerk of Court**
**Gretchen H. Moss - Deputy Clerk**
**Suit 2026-10075 H**
**E-Filed on: 1/05/26 03:07 PM**
**Filed on: 1/06/26 09:46 AM**

## 22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

### STATE OF LOUISIANA

NO. 2026-10075                                                                 DIVISION "H"

### MARK BARRIOS and JUDY BARRIOS

### VERSUS

### STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____          _____
                                                                    DEPUTY CLERK

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Petitioners, Mark Barrios and Judy Barrios, who respectfully submit this Petition for Damages against Defendant, State Farm Fire and Casualty Company, and further respectfully aver as follows:

### PARTIES

**1.**

Petitioner, Mark Barrios ("Petitioner"), is a citizen of the State of Louisiana and is of the full age of majority.

**2.**

Petitioner, Judy Barrios ("Petitioner"), is a citizen of the State of Louisiana and is of the full age of majority.

**3.**

Defendant, State Farm Fire and Casualty Company ("Defendant"), is a foreign insurance company domiciled in Illinois, authorized to do and doing business in this Parish and State.

### JURISDICTION AND VENUE

**4.**

The amount in controversy is sufficient to justify the jurisdiction of this Court.

**5.**

The situs of the property which is the subject of this Petition is St. Tammany Parish. Therefore, venue is proper in St. Tammany Parish pursuant to Louisiana Code of Civil Procedure Articles 74 and 76.

**FACTUAL BACKGROUND**

**6.**

At all pertinent times, Petitioners owned the property located at 134 Sawmill Creed Rd, Pearl River, Louisiana 70452 (the "Property").

**7.**

Petitioners purchased a homeowners insurance policy from Defendant, identified as Policy No. 18-E6-6224-8 (the "Policy"), which covered the Property against damage caused by, among other perils, wind, hail, and/or water.

**8.**

At all pertinent times, the Policy was in full force and effect.

**9.**

On or about January 8, 2024, a wind and hail storm affected the Property and surrounding areas.

**10.**

Petitioners' building and structures were substantially damaged as a result of the wind and hail storm, which is a covered peril under Petitioners' Policy.

**11.**

In compliance with the Policy, Petitioners provided timely notice of the loss by submitting a claim (the "Claim") to Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

**12.**

Defendant assigned a representative to inspect the Property.

**13.**

Despite being in possession of sufficient documentation to fully apprise itself of the actual loss to the Property as a result of the wind and hail storm, Defendant failed to pay the amount due to Petitioners in connection with the Claim and failed to make a written offer to Petitioners to properly settle the Claim within thirty (30) days after receipt of satisfactory proof of loss it received at the initial inspection.

**14.**

Defendant has unjustifiably failed to perform its obligations under the Policy by wrongfully and unfairly limiting payment on the Claim.

**15.**

As a result of Defendant's failure to properly adjust and timely pay the Claim, Petitioners have incurred professional expenses, including expert and/or attorney fees, to assist in proper adjustment and full payment of the Claim.

**16.**

Additionally, Defendant's failure to properly adjust and timely pay the Claim has caused Petitioners to endure significant mental anguish, aggravation, and inconvenience.

**17.**

Defendant's acts and omissions in failing to timely pay the Claim within thirty (30) days of receipt of satisfactory proof of loss are arbitrary, capricious, and without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**18.**

As a result of Defendant's failures to properly and timely pay the Claim, Petitioners have and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with the completion of the repairs.

## CAUSES OF ACTION

### A. Breach of Contract

**19.**

Despite having satisfactory proof of loss, Defendant failed to timely tender adequate funds under the Policy.

**20.**

At all pertinent times, an insurance contract – the Policy – existed between Petitioners and Defendant, which provided coverage for the damages to the insured Property resulting from the wind and hail storm.

**21.**

Upon information and belief, Defendant breached the Policy by purposely and/or negligently failing to timely tender proceeds due after having received satisfactory proof of loss, misrepresenting the terms and conditions of the Policy at issue, and conducting the investigation and claims handling in bad faith.

**22.**

Petitioners have suffered and continues to suffer general, special, and/or consequential damages as a result of Defendant's breach of the insurance contract.

### B. Bad Faith

**23.**

The actions and/or omissions of Defendant in failing to adequately compensate Petitioners for the covered losses under the Policy were "arbitrary," "capricious," and "without probable cause" as those terms are used in conjunction with La. R.S. § 22:1892.

**24.**

Under La. R.S. § 22:1892, an insurer is liable for bad faith penalties, attorney fees, and costs when it fails to adequately pay claims following satisfactory proof of loss within thirty (30) days or make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proof of loss.

**25.**

Defendant is in violation of La. R.S. § 22:1892 for failing to adequately pay or make a written offer to settle the Claim within thirty (30) days of the satisfactory proof of loss it received following the wind and hail storm, and is therefore liable for penalties, attorney fees, and costs under this statute.

**26.**

Petitioners have suffered and continues to suffer general, special, and/or consequential damages as a result of Defendant's bad faith.

### DAMAGES

**27.**

As a result of the actions or omissions of Defendant, Petitioners have suffered the following nonexclusive list of past, present, and future damages:

a. Damage to the building and other structures located at the Property;

b. Mitigation, remediation, and repair costs;

c. Diminution in value;

d. Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

e. Loss of use;

f. Mental anguish, consequential damages, and all other applicable damages covered under any of the applicable coverage afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, and increased cost of construction;

g. Attorney fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual and legal duties and obligation, including the failure to timely pay sums owed under the Policy; and

h. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**28.**

The amount in controversy is sufficient to justify a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners, Mark Barrios and Judy Barrios, pray that Defendant, State Farm Fire and Casualty Company, is duly served with a Summons, Notice, and copy of this Petition and, after due proceedings are had, that there be a judgment rendered herein in favor of Petitioners and against Defendant for all damages sustained, as addressed above, bad faith damages for breach of the statutory duties described above, bad faith damages for breach of Defendant's duty of good faith and fair dealing, and penalties, attorney fees, expert fees, and all costs, together with legal interest (pre-judgment and post-judgment) from the date of demand until paid.

Petitioners further pray for such other and further relief as may be proper and this Court is competent to grant.

Respectfully submitted,

*Grant P. Gardiner*
GRANT P. GARDINER (La. Bar No. 39888)
**GARDINER LAW FIRM**
3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 265-9977
Facsimile: (504) 267-2087
Email: grant@gardiner.law

and

DANIEL M. OLIVIER (La. Bar No. 40001)
**TWIN LAW**
3530 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 910-6544
Facsimile: (504) 910-6856
Email: daniel@twinlegal.com

*Attorneys for Petitioners,*
*Mark Barrios and Judy Barrios*

A TRUE COPY
DY CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

**PLEASE SERVE:**

State Farm Fire and Casualty Company
*Through its agent for Service of Process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**NANCY LANDRY**
**SECRETARY OF STATE**
**P.O. BOX 94125**
**BATON ROUGE, LA 70804-9125**



9489 0090 0027 6725 3006 36

FIRST-CLA



ZIP 70802
02 7W
0008035495 JAN