UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK BARRIOS AND JUDY BARRIOS,                    CIVIL ACTION

VERSUS                                            NO. 26-00411

STATE FARM FIRE AND CASUALTY COMPANY              SECTION "N"

## ORDER & REASONS

Before the Court is a motion to remand by Plaintiffs Mark Barrios and Judy Barrios.[1] Defendant State Farm Fire and Casualty Company ("State Farm") responded in opposition,[2] and the Barrios replied in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion to remand.

## I.     Factual Background

On January 5, 2026, the Barrios filed a Petition for Damages in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana, against State Farm, following damage to their home from a wind and hail event on January 8, 2024.[4] The Barrios allege that State Farm failed to properly adjust and timely pay their insurance claim under their homeowners insurance policy. They seek contractual damages as well as bad-faith damages under La. R.S. 22:1892.

---

[1] Rec. Doc. 7.
[2] Rec. Doc. 10.
[3] Rec. Doc. 11.
[4] Rec. Doc. 1-1.

On February 26, 2026, State Farm filed a Notice of Removal[5] with this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.[6] The Barrios moved to remand the matter pursuant to 28 U.S.C. § 1447(c) on March 18, 2026.

## II.   Law & Analysis

### A.  Federal jurisdiction must exist at the time of removal.

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court.[7] District courts have original jurisdiction of all civil actions in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.[8] "The amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'"[9]

Federal courts have a constitutional obligation to satisfy ourselves that jurisdiction is proper before engaging in the merits.[10] Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.[11] "We must

---

[5] Rec. Doc. 1.

[6] State Farm received service of the Barrios' petition through the Louisiana Secretary of State on January 29, 2026, making the notice of removal timely under 28 U.S.C. § 1446(b). *See* Rec. Doc. 1-1.

[7] 28 U.S.C. § 1441(a).

[8] 28 U.S.C. § 1332(a)(1).

[9] *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

[10] *See Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990).

[11] *Vantage Drilling Co. v. Su*, 741 F.3d 535, 537 (5th Cir. 2014).

presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[12]

### B. State Farm has not satisfied the amount-in-controversy requirement.

Here, there is no dispute that complete diversity of citizenship exists under 28 U.S.C. § 1332. The Barrios are citizens of the State of Louisiana, while State Farm is incorporated in and has its principal place of business in the State of Illinois. The parties' disagreement centers on the amount in controversy.

Subject to certain exceptions not relevant here, Louisiana prohibits a plaintiff from alleging or demanding a specific monetary amount of damages in a civil petition.[13] Accordingly, for removal from Louisiana courts, the Fifth Circuit has "modified the usual rule for determining whether the amount in controversy is present."[14] The party seeking to maintain federal jurisdiction must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."[15] The party may do this either by demonstrating that it is "facially apparent" from the petition that the requisite amount was in controversy, or "'by setting forth *the facts* in controversy preferably in the removal petition, but sometimes by affidavit that support a finding of the requisite amount.'"[16] The court may rely on summary judgment-type evidence if the amount in controversy is not apparent from the face of

---

[12] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[13] La. Code Civ. Proc. 893(A)(1).

[14] *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

[15] *Id.*

[16] *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

the petition.[17] Such evidence may include "discovery material and post-institution or post-removal affidavits, exhibits, reports, declarations, emails, or letters, especially when the facts relating to jurisdiction are ambiguous or disputed."[18]

It is a "fundamental principle" that federal jurisdiction must exist at the time a case is removed to federal court.[19] Thus, "[t]he jurisdictional facts that support removal must be judged at the time of the removal."[20] This principle aligns with the "time-of-filing rule" applied to complaints originally filed in federal court. Like the removal rule, the time-of-filing rule holds that jurisdiction "'depends upon the state of things at the time of the action brought.'"[21] "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[22] Such affidavits do not deprive the court of jurisdiction "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal."[23]

The Barrios allege two claims: breach of insurance contract and bad faith in violation of La. R.S. § 22:1892. Consistent with Louisiana Code of Civil Procedure article 893, the Barrios' petition alleges damages with little specificity. The prayer

---

[17] *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351-52 (5th Cir. 2023).

[18] 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3705, at 518-30 (5th ed. 2023).

[19] *See GlobeRanger Corp. v. Software AG U.S. of Am., Inc.*, 836 F.3d 477, 488 (5th Cir. 2016) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

[20] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[21] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)).

[22] *Gebbia*, 233 F.3d at 883.

[23] *Id.*

for relief seeks a judgment for "all damages sustained," bad faith damages, and "penalties, attorney fees, expert fees, and all costs, together with legal interest."[24] The alleged damages include damage to the building and other structures on the Barrios' property; mitigation, remediation, and repair costs; diminution in value; loss and damage due to delays and/or inability to make repairs due to inadequate insurance payments; loss of use; mental anguish, consequential damages, and other damages covered under the homeowners policy such as demotion and debris removal; and attorneys' fees and costs.[25] The petition does not detail the degree of damage sustained to the Barrios' property.

Although State Farm contends that it is facially apparent from the allegations in the petition that the jurisdictional threshold is met, the Court disagrees. The types of damages identified in the petition shed little light on the total value of the claims. "Courts have routinely held that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, is insufficient to meet defendant's burden using the facially apparent test."[26] Moreover, the cases cited by State Farm as justifying reliance on the face of such allegations do not survive scrutiny. In *Bryan v. Walmart Inc.*, 2023 U.S. Dist. LEXIS 229052, 2023 WL 8890341, at *3 (E.D. La. Dec. 26, 2023), the court considered pre- and post-suit settlement demand letters—not mere facial allegations—to find the defendant had satisfied its

---

[24] Rec. Doc. 1-1 at 9.
[25] Rec. Doc. 1-1 ¶ 27.
[26] *Young v. Popeyes La. Kitchen, Inc.*, 2024 U.S. Dist. LEXIS 170925, 2024 WL 4263173, at *2 (E.D. La. Sept. 23, 2024) (internal citations omitted) (citing cases).

burden of showing the necessary amount in controversy. And in *Nunez v. Allstate Insurance Company*, 2007 U.S. Dist. LEXIS 84118, 2007 WL 3407463, at *1 (E.D. La. Nov. 13, 2007), the plaintiff's petition included detailed allegations of harm, such as that his home was a "total loss" and his personal property was "totally damaged, ruined or lost" as a result of the storm.  Accordingly, the Court finds that the amount in controversy is not facially apparent from the Barrios' petition.

The Court thus turns to evidence of the facts in controversy to determine if State Farm has met its burden of showing the amount in controversy at the time of removal—here, February 26, 2026—exceeded $75,000.[27] The parties identify three figures as relevant evidence. First, State Farm issued to the Barrios an estimate that the replacement cost value of the Barrios' covered damages was $848.21. This estimate, dated July 31, 2025, fell below the $4300 policy deductible.[28] Second, the Barrios submitted to State Farm an estimate, dated December 23, 2024, and prepared by the contractor Irwin & Associates, estimating that repairs would cost $89,070.24.[29] Third, counsel for the Barrios submitted to State Farm on January 9, 2026, a settlement demand totaling $74,816.57, inclusive of policy benefits, statutory penalties and attorneys' fees, based on an estimate prepared by another contractor, Southern Oaks Roofing.[30]

The Barrios also submitted with their motion to remand affidavits in which they disavow any reliance on the Irwin & Associates estimate. In these affidavits, the

---

[27] *See Grant*, 309 F.3d at 868.
[28] Rec. Doc. 1-2.
[29] Rec. Doc. 1-3.
[30] Rec. Doc. 1 at 4 n.1; Rec. Doc. 7-1 at 2.

Barrios stipulate that the amount they sought at the time they filed their petition on January 5, 2026, was not based on the Irwin & Associates estimate; that they have not sought any amount in excess of $74,816.57 since they submitted their settlement demand to State Farm on January 9, 2026; and that they will not "seek, accept, or receive" any amount in excess of $75,000 in connection with their claims in this case.[31]

State Farm acknowledges that the Barrios have submitted estimates and documentation "from various contractors throughout the life of their claim."[32] Yet State Farm relies only on the estimate that was above $75,000—the Irwin & Associates estimate—for its argument that it has "met its burden" of demonstrating the amount in controversy is sufficient for federal jurisdiction.[33] State Farm argues that it is appropriate for the Court to rely on this estimate alone because the Barrios only "abandoned" it in a post-removal decree to attempt to circumvent federal jurisdiction. But this timeline is not supported by the record.

The Barrios submitted their settlement demand for an amount less than $75,000 four days after they filed their petition and weeks before State Farm sought to remove the case to federal court. It is undisputed that this settlement demand was based upon a contractor's estimate and included penalties and attorneys' fees.[34] Both pre- and post-complaint demand letters may be used as evidence of the amount in

---

[31] Rec. Doc. 7-1 at 2.
[32] Rec. Doc. 1 at 4 n.1. These estimates include: (1) $52,809.08 from Gulf Coast Construction & Restoration; (2) $29,750 from Superior Roofing; and (3) $89,070.24 from Irwin & Associates. Rec. Doc. 10 at 8. And, as noted previously, State Farm submitted its own estimate of $848.21.
[33] Rec. Doc. 10 at 6.
[34] *See* Rec. Doc. 1 at 4 n.1.

controversy when they reflect an honest, good-faith assessment of the claim value.[35] In some cases, a settlement offer may be less than the damages a plaintiff expects to receive at the end of a successful trial on the merits because the offer is discounted by the risk of loss.[36] In other instances, a settlement offer may overstate the value of the claims due to posturing and puffery.[37] Here, however, the settlement offer appears to be an honest assessment of the value of the Barrios' claims. It was tethered to a contractor's estimate that appears to fall between a higher contractor's estimate previously submitted by the Barrios, on one hand, and State Farm's own lower estimate of the damage as well as other lower contractors' estimates, on the other. Because it was transmitted to State Farm within days of the filing of the Barrios' petition, and there are no intervening events or estimates in the record between the filing of the petition and State Farm's notice of removal, the settlement offer appears to reflect the value of the claims at and around the time the petition was filed and the case was removed. The Barrios' stipulations provide further confirmation of this valuation and timing.

Finally, State Farm argues that the Court should apply a presumption in favor of removal because the Barrios did not allege in their petition that federal courts lack jurisdiction due to insufficiency of damages under Louisiana Code of Civil Procedure article 893. Even if it were appropriate to apply a presumption in favor of federal

---

[35] *See Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("a post-complaint letter, which is not plainly a sham, may" be evidence of the amount-in-controversy requirement).
[36] *See Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226, 2002 WL 1939917, at *1 n.5 (5th Cir. 2002).
[37] *See Woods v. Patrons Oxford Ins. Co.*, 2022 U.S. Dist. LEXIS 133126, 2022 WL 2965923, at *3 (E.D. La. July 27, 2022).

jurisdiction where a litigant fails to follow this state procedural rule, the evidence weighs against finding the requisite amount in controversy here.

Put simply, State Farm has not carried its burden of establishing that the amount in controversy exceeds $75,000. As a defendant seeking to remove this case to federal court, State Farm has the burden of establishing the Court's jurisdiction by a preponderance of the evidence. The preponderance-of-the-evidence standard requires that the fact or showing at issue is more likely than not.[38]

It is simply not credible for State Farm to contend that it was facially apparent from the Barrios' petition that their damage exceeds $75,000 when State Farm offered the Barrios less than $900 for their claims, even after the Barrios had submitted the Irwin & Associates estimate. If the damage to the Barrios' property was facially in excess of $75,000, as State Farm claims, one would expect an experienced insurer such as State Farm to offer a figure closer to that amount. Both State Farm's claim amount and contractor estimates fell below this jurisdictional threshold, and the Barrios disclaim any reliance on the single data point—the Irwin & Associates estimate—that exceeds it in their petition or settlement offer.

III.    Conclusion

Accordingly,

**IT IS ORDERED** that the motion for remand is **GRANTED**.

New Orleans, Louisiana, this 7th day of May, 2026.

---

[38] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 329 (2007).

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE